**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 05-30634

LARRY STEVEN WOODWARD

    Debtor

DAVID LAMBERT and
KATHLEEN LAMBERT

    Plaintiffs

v.                                    Adv. Proc. No. 05-3141

LARRY STEVEN WOODWARD

    Defendant

**MEMORANDUM ON MOTION TO DISMISS**

**APPEARANCES:**    ROBERT E. NICHOLS, ESQ.
    Post Office Box 20380
    Knoxville, Tennessee 37940
    Attorney for Defendant/Debtor

    DEBRA FANNIN GRAHAM, ESQ.
    Post Office Box 4637
    Oak Ridge, Tennessee 37831
    Attorney for Plaintiffs

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint to Determine Dischargeability and Objection to Discharge of a Debt (Complaint) filed by the Plaintiffs, David and Kathleen Lambert, on August 30, 2005, asking the court for a determination that a debt owed to them by the Defendant/Debtor is nondischargeable under 11 U.S.C.A. § 523(a)(2)(A) (West 2004).[1] On December 19, 2005, the Debtor filed a Motion to Dismiss, contending that the Complaint was filed beyond the deadline for filing complaints to determine dischargeability and should, therefore, be dismissed. The Plaintiffs filed the Creditors' Response to Debtor's Motion to Dismiss (Response) on January 9, 2006, arguing that they attempted to timely file the Complaint prior to the deadline and that, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, their failure to timely file the Complaint was due to excusable neglect, and they should be allowed to proceed with their adversary proceeding against the Debtor.[2]

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(I) (West 1993).

I

The Debtor filed the Voluntary Petition commencing his Chapter 7 bankruptcy case on February, 8, 2005. The deadline for filing complaints requesting a determination of the dischargeability of a debt was May 13, 2005. The Debtor received his discharge on July 28, 2005, and on August 18, 2005, the Plaintiffs filed a Motion to Set Aside Order of Discharge, asking the

---

[1] Although the Plaintiffs aver generally in the Complaint that their claim is nondischargeable under "11 U.S.C.A. § 523," they aver specifically that the obligation was incurred by the Debtor "by false pretenses and fraud," thus bringing it within the ambit of 11 U.S.C.A. § 523(a)(2)(A).

[2] The Plaintiffs' Memorandum of Law in support of their Response incorrectly references Rule 906(b); however, the court can easily deduce that, in fact, the Plaintiffs are relying upon Rule 9006(b).

2

court to set aside the Debtor's discharge, asserting that on April 29, 2005, they mailed for filing with the court a complaint to determine the dischargeability of their claim that was never filed. The court denied the Motion to Set Aside Order of Discharge by an Order entered on August 24, 2005, because a proposed order was not submitted contemporaneously therewith, as required by E.D. Tenn. LBR 9013-1(c), and because it did not contain a notice of hearing conforming to E.D. Tenn. Local Form 9013.1. Because the Motion to Set Aside Order of Discharge was procedurally deficient, the court did not examine the substantive issues addressed therein.

The Plaintiffs filed a second Motion to Set Aside Order of Discharge on August 30, 2005, which cured the procedural deficiencies of the prior motion. After notice and a hearing held on September 22, 2005, the court entered an Order on September 26, 2005, denying the Motion to Set Aside Order of Discharge. Also, on August 30, 2005, five weeks after the Debtor's discharge was granted, the Plaintiffs filed their Complaint initiating this adversary proceeding.[3] The Complaint, which was signed by the Plaintiffs' counsel on April 29, 2005, and contains a certificate of service certifying service on the Debtor and his attorney by mail by the Plaintiffs' attorney on the same date, avers that the Anderson County General Sessions Court awarded the Plaintiffs a judgment in the amount of $12,000.00 against the Debtor, "wherein the court found that the Debtor committed fraud" and was unlicensed to perform the services that he was contracted to perform for the Plaintiffs. The Plaintiffs seek a determination by the court that the judgment is nondischargeable since it was allegedly obtained by false pretenses and fraud.

---

[3] The Complaint was improperly filed by the Plaintiffs in the Debtor's case file. The clerk nonetheless also docketed the Complaint as an adversary proceeding and on September 7, 2005, the court issued an Order directing the Plaintiffs to 1) remit the $150.00 filing fee required upon the filing of a complaint within 10 days; 2) file the adversary cover sheet and summons for issuance by the clerk within 10 days as required by E.D. Tenn. LBR 7003-1 and 7004-2; and 3) include the adversary proceeding caption required by Official Form 16D in all future documents.

The Debtor, in his Motion to Dismiss, neither admits nor denies the allegations in the Complaint. Instead, he argues that the Complaint was filed after the May 13, 2005 deadline for filing complaints to determine dischargeability and should, therefore, be dismissed. With respect to the Plaintiffs' averments that they mailed the Complaint on April 29, 2005, prior to the deadline, the Debtor denies that either he or his attorney received any document purporting to be a complaint prior to the May 13, 2005 deadline.

## II

Chapter 7 bankruptcy was designed to relieve "the honest but unfortunate" debtor of his debts and allow him a "fresh start" through a discharge of those debts. *Buckeye Retirement, LLC v. Heil (In re Heil),* 289 B.R. 897, 901 (Bankr. E.D. Tenn. 2003) (quoting *In re Krohn*, 886 F.2d 123, 125 (6th Cir. 1989) (citing *Local Loan Co. v. Hunt*, 54 S. Ct. 695, 699 (1934)). This general discharge of pre-petition debts is governed by 11 U.S.C.A. § 727 (West 2004), subject to the limitations "as provided in section 523 of this title . . . ." 11 U.S.C.A. § 727(b). Among those debts excepted from discharge under § 523 are those for money or property obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C.A. § 523(a)(2)(A). Nonetheless, even these debts will be discharged unless the creditor timely requests a determination of nondischargeability from the court. *See* 11 U.S.C.A. § 523(c)(1) (West 2004).

In response to the Debtor's Motion to Dismiss, the Plaintiffs aver that they attempted to timely file their Complaint, stating that on April 29, 2005, their attorney tried to file it electronically

4

but was unable to do so, at which time, she "conferred with this Court's Clerk's office and was informed that filings by mail were still accepted by the Court." RESP. at ¶¶ 5-6. Thereafter, "on April 29, 2005, counsel for Plaintiff-Creditors mailed in the U.S. Mail, with sufficient postage, the Complaint to Determine Dischargeability and Objection to Discharge of a Debt[.]" RESP. at ¶ 7. Upon receipt of the discharge order, the Plaintiffs aver that their attorney called the clerk's office and learned that the Complaint was not filed, at which time they took steps to set aside the discharge and filed their Complaint. RESP. at ¶¶ 8, 10. Based upon these arguments, the Plaintiffs contend that, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, the court should retroactively extend the time to file complaints due to excusable neglect.

The notion of excusable neglect is derived from Rule 9006(b)(1), which provides in material part:

> Except as provided in paragraph[] . . . (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules . . ., the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. P. 9006(b)(1). The inquiry into whether to apply excusable neglect is essentially an equitable one, and when discerning whether to do so, the court must apply the following determinative factors set forth by the Supreme Court: (1) the danger of prejudice to the Debtor; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay and whether it was in the Plaintiffs' reasonable control; and (4) the Plaintiffs' good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 113 S. Ct. 1489, 1498 (1993). "[B]y empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate,

5

to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 113 S. Ct. at 1495.

Nevertheless, excusable neglect is not applicable in this particular setting. An express exception to Rule 9006(b)(1) is provided in Rule 9006(b)(3) which states that "[t]he court may enlarge the time for taking action under [certain rules] . . . only to the extent and under the conditions stated in those rules." FED. R. BANKR. P. 9006(b)(3). Included within those exceptions is Rule 4007(c), which governs the time for filing complaints seeking to determine the dischargeability of certain debts. This rule provides,

(a) Persons entitled to file complaint

   A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.

. . . .

(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation . . .; notice of time fixed

  A complaint to determine the dischargeability of a debt under § 523(c) [in a chapter 7 liquidation] shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

. . . .

(e) A proceeding commenced by a complaint filed under this rule is governed by Part VII[4] of these rules.

---

[4] Part VII of the Federal Rules of Bankruptcy Procedure is entitled "ADVERSARY PROCEEDINGS," and pursuant to Rule 7001, "a proceeding to determine the dischargeability of a debt[]" is an adversary proceeding. FED. R. BANKR. P. 7001(6). Rule 7003, entitled "Commencement of Adversary Proceeding," states that "Rule 3 [of the Federal Rules of Civil Procedure] applies in adversary proceedings." FED. R. BANKR. P. 7003. Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV.

(continued...)

FED. R. BANKR. P. 4007.

Based upon the express wording of Rule 9006(b)(3), the court holds that excusable neglect under Rule 9006(b)(1) is not a valid defense to the Plaintiffs' late-filed Complaint. *See also Askew v. Patel (In re Patel)*, 331 B.R. 497, 499 (Bankr. M.D. Ga. 2005); *Francis v. Eaton (In re Eaton)*, 327 B.R. 79, 82 (Bankr. D.N.H. 2005); *Vasquez v. Cruz (In re Cruz)*, 323 B.R. 827, 831 (B.A.P. 1st Cir. 2005).

Nevertheless, even though the Plaintiffs cannot utilize excusable neglect, the Sixth Circuit has held that the deadline imposed by Rule 4007(c) is not jurisdictional, but instead, "is a statute of limitation – or simply a deadline – that is generally subject to the defenses of waiver, estoppel, and equitable tolling." *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003) (citing *United States v. Locke,* 105 S. Ct. 1785, 1792 n. 10 (1985)).[5]  The *Maughan* decision does not mandate the allowance of an untimely filed complaint; it simply allows the court to consider equitable defenses to Rule 4007(c). *Chattanooga Agric. Credit Ass'n v. Davis (In re Davis)*, 330 B.R. 606, 610 (Bankr. E.D. Tenn. 2005).

---

[4](...continued)
P. 3.

[5] The *Maughan* decision is based upon the court's desire to follow an earlier Sixth Circuit precedent holding that equitable defenses should be available under Rule 4007(c), pursuant to the court's inherent powers under 11 U.S.C.A. § 105(a) (West 2004), "if the bankruptcy court erroneously sets a second bar date for the filing of complaints to determine the dischargeability of a debt and if a creditor, reasonably relying on that second date, files a complaint before the expiration of the second bar date, the bankruptcy court should exercise its equitable powers and permit the complaint to proceed." *Nicholson v. Issacman (In re Issacman)*, 26 F.3d 629, 632 (6th Cir. 1994). The *Maughan* court concluded that it must follow *Issacman*, and allow equitable defenses to Rule 4007(c), irrespective of "[t]he merits or faults of [its] reasoning[.]" *Maughan*, 340 F.3d at 343.

"'Waiver is generally defined as an intentional relinquishment of a known right.'" *Lund v. Benoit (In re Lund)*, 330 B.R. 96, 102 (Bankr. D. Vt. 2004) (quoting *European Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 55 (2d Cir. 1996)).  The doctrine of equitable estoppel "precludes a party to a lawsuit from raising a certain defense, regardless of the merits of the defense, because of some improper conduct on that party's part." *State Bank of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817, 819 (6th Cir. 1988).  "The traditional elements of equitable estoppel are:  (1) misrepresentation by the party against whom the estoppel is asserted; (2) reasonable reliance on the misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *Mich. Express, Inc. v. United States*, 374 F.3d 424, 427 (6th Cir. 2004).

The doctrine of equitable tolling "applies when there is no allegation of impropriety on the defendant's part." *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1335 n.2 (6th Cir. 1995). Courts generally consider the following five factors when examining whether to apply the doctrine of equitable tolling:  "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Maughan*, 340 F.3d at 344 (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).  When there is no dispute that the creditor received notice of the deadlines, the court's "inquiry must focus on the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant." *Maughan*, 340 F.3d at 344 (quoting *First Bank Sys. v. Begue (In re Begue)*, 176 B.R. 801, 804 (Bankr. N.D. Ohio 1995)).

8

Under the facts of this case, the court finds that neither waiver, equitable estoppel, or equitable tolling is applicable, and accordingly, the Plaintiffs' Complaint will be dismissed for being untimely filed. First, there is nothing in the record to support a contention of waiver by the Debtor of his rights. In fact, the Debtor did not file an answer to the Complaint, but instead, filed the Motion to Dismiss, clearly exercising his rights to object to the timeliness of the Complaint, in direct contradiction to a waiver thereof.

Second, with respect to equitable estoppel, the Plaintiffs have alleged no facts or offered into evidence any proof that there were any misrepresentations or any improper conduct by the Debtor which led the Plaintiffs to untimely file their Complaint. As such, the court has no basis upon which to apply the doctrine of equitable estoppel in this case.

Finally, the court will likewise not apply the doctrine of equitable tolling because it does not believe that the Plaintiffs were diligent in pursuing their rights. The Plaintiffs received notice of the bankruptcy filing and their attorney attended and questioned the Debtor at his adjourned meeting of creditors on April 20, 2005. Thereafter, the Plaintiffs aver that their attorney attempted to file their Complaint electronically on April 29, 2005, but she was unable to do so. This failure is not surprising, considering that the court's electronic case filing system did not "go live" until May 17, 2005.[6]

The Plaintiffs' Response then states that "on the 29th day of April, 2005, counsel conferred with this Court's Clerk's office and was informed that filings by mail were still accepted by the

---

[6] The court also notes that none of the Plaintiffs' filings, which are all subsequent to May 17, 2005, have been filed electronically, but instead, have been filed in paper form either via United States Mail or hand delivery, and most have included a cover letter to the court.

Court." RESP. at ¶ 6. Again, because the court only accepted filings via hand delivery or mail, this response by the court clerk is not surprising.

"There is a presumption that an addressee receives a properly mailed item when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail." *In re Chess*, 268 B.R. 150, 156 (Bankr. W.D. Tenn. 2001). Nevertheless, testimony of non-receipt may rebut this presumption. *Bratton v. Yoder Co. (In re Yoder)*, 758 F.2d 1114, 1118 (6th Cir. 1985) (finding that the presumption was rebutted because the creditor was not on the mailing matrix, nor were other similarly situated creditors). The Debtor, in his Motion to Dismiss, expressly points out that "neither the Clerk of the Court, the Debtor nor the Debtor's counsel ever received a copy of any document purporting to be a Complaint of the Plaintiffs prior to the deadline of May 13, 2005."[7] MTN. at ¶ 8. This statement, in and of itself, is not sufficient to rebut the presumption that the Debtor received the Complaint and Summons. *See Schilling v. O'Bryan (In re O'Bryan)*, 246 B.R. 271, 277 (Bankr. W.D. Ky. 1999) ("To allow a simple denial of receipt, standing alone, to rebut the presumption would be to destroy the presumption entirely."). However, the Debtor's statement, in conjunction with the facts of this case, convinces the court that the presumption of receipt has been rebutted.

Initially, there is the undisputed fact that the Bankruptcy Court Clerk's office did not receive the Complaint for filing until August 30, 2005, under cover of a letter dated August 29, 2005. This fact, alone, supports the Debtor's contention that neither he nor his attorney received a copy of the

---

[7] As previously discussed, the Complaint, improperly filed in the Debtor's case on August 30, 2005 (*see supra* n.3), was signed by the Plaintiffs' attorney on April 29, 2005, who also certified service on the Debtor and his attorney by mail on the same date.

Complaint prior to May 13, 2005, and the Plaintiffs offered nothing into evidence to prove otherwise. The Plaintiffs were given the opportunity, through their Response to the Debtor's Motion to Dismiss, to produce documentation or other evidence to support their argument; however, they did not. The only exhibits to the Plaintiffs' Response were a copy of the Complaint that they actually filed, a Memorandum of Law, and the Affidavit of their attorney, Debra Fannin Graham, stating that "the facts stated in the Response to Debtor's Motion to Dismiss filed herewith are true to the best of my knowledge." GRAHAM AFF. at ¶ 3. They did not attach a cover letter from April 29, 2005, or notes from their attorney's conversation with the clerk's office. The court can only deduce that those documents were not attached because they either do not exist, or they cannot be located.[8] The court finds it highly unlikely that of the three recipients to whom the Plaintiffs' attorney contends she mailed the Complaint on April 29, 2005, i.e., the clerk, the Debtor, and the Debtor's attorney, not one would receive the Complaint.

Furthermore, the Plaintiffs' attorney's failure to follow up with the court to ensure that the Complaint had, in fact, been filed also evidences a lack of diligence such that equitable tolling is not appropriate. Since the Plaintiffs were running up against the May 13, 2005 deadline, which was only two weeks away, it seems improbable that Ms. Graham would not have checked with the court clerk to at least obtain an adversary proceeding number and the actual file date in order to determine the time that the Debtor had to respond under the Federal Rules of Bankruptcy Procedure. Additionally, the court's Local Rules, specifically E.D. Tenn. LBR 7004-2, requires a plaintiff to serve the summons issued upon the filing of a complaint. The court would expect the Plaintiffs'

---

[8] *See supra* note 6.

11

counsel to have at least inquired of the clerk about the issuance of the summons shortly after the Complaint was filed.[9]

Based upon the foregoing, the court finds that the Complaint was not timely filed pursuant to Rule 4007(c) of the Federal Rule of Bankruptcy Procedure, and none of the equitable defenses applicable to statutes of limitation are appropriate under the facts of this case. Therefore, the Debtor's Motion to Dismiss will be granted, and the Complaint will be dismissed. The Debtor's obligation to the Plaintiffs was discharged on July 28, 2005.

An order consistent with this Memorandum will be entered.

FILED: January 17, 2006

                                      BY THE COURT

                                      /s/ RICHARD STAIR, JR.

                                      RICHARD STAIR, JR.
                                      UNITED STATES BANKRUPTCY JUDGE

---

[9] Local Rule 7004-2 also requires a plaintiff to present a summons to the clerk at the time the complaint is filed. When issued, by the clerk, the summons is returned to the plaintiff for service.